**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DAVID ESTRADA,<br><br>Plaintiff,<br><br>v.<br><br>TASSEY, et al.,<br><br>Defendants. | ) | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF (Documents 22 and 23)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment. Plaintiff has been instructed on service by separate order.

On September 11, 2013, Plaintiff filed a Motion for Preliminary Injunction, and on September 16, 2013, he filed a Motion for Protective Order. Plaintiff filed a prior Motion for Injunctive Relief on June 20, 2013. The motion was denied on August 27, 2013.

**DISCUSSION**

**A. INJUNCTIVE RELIEF**

1. Legal Standard

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

2. Analysis

In his motion, Plaintiff addresses a wide range of alleged wrongs, including improper labeling as a sex offender, retaliation, denial of equal protection, denial of due process, denial of adequate

medical care and disclosure of confidential information. He describes conduct by Correctional Officers Soto Felix, Magallanes, Adams and Rubacaba, Warden Gipson and Psych Tech Perez.

However, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, Correctional Officers Soto, Felix, Magallanes, Adams and Rubacaba and Psych Tech Perez are not Defendants. Therefore, the Court lacks personal jurisdiction over them and cannot issue any orders requiring them to take any action.

Moreover, although Plaintiff has stated cognizable claims against Defendant Gipson, Defendant Gipson has not yet been served and has not made an appearance. Thus, at this juncture the Court lacks personal jurisdiction over Defendant Gipson and it cannot issue an order requiring her to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

Even setting aside the jurisdictional issue, Plaintiff would not be entitled to injunctive relief against Defendant Gipson. He alleges that he appeared before Defendant Gipson during a July 2013 ICC hearing and requested that she release him from the SHU, remove the "R" suffix from his designation and reinstate his privileges. Defendant Gipson told him that he could accomplish these tasks through his counselor. He has not shown that he is under threat of injury that can be fairly traceable to challenged conduct of Defendant Gipson. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

This is Plaintiff's second attempt at injunctive relief in this action. Based on his past motion and the instant request, it seems that Plaintiff is using requests for injunctive relief to remedy each and every act that he perceives to be unfair and/or wrong. While Plaintiff's allegations may ultimately have merit, he cannot use this action to seek the relief he requests. The seriousness of Plaintiff's allegations concerning feared impending harm cannot, and do not, overcome what is a jurisdictional bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability

constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.").

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008).

For these reasons, the Court recommends that Plaintiff's Motion for Preliminary Injunction be DENIED.

**B. MOTION FOR PROTECTIVE ORDER**

Plaintiff's motion seeks an order from this Court directed at Correctional Officers Magallanes, Adams, Rubacaba and Aranda, Sgt. Felix and Psych Tech Perez. Specifically, he requests that the Court order these individuals to "protect his sealed documents from being disclosed, to hold violators of this order fined, and to protect his right to due process, integrity in an honest, fair and impartial hearing, the investigation of officers who falsify reports, the protection of Plaintiff's legal documents which pertain to his ongoing litigation, and Plaintiff's family members no longer be targeted. . ." Mot. 3-4.

Although Plaintiff titles this as a request for a protective order, it appears to be more akin to a request for injunctive relief. Regardless of what the motion is called, however, the Court does not have jurisdiction over any of these individuals. They are not Defendants in this action and have not been brought within the Court's jurisdiction through discovery. Fed. R. Civ. Proc. 26(c).

Accordingly, the Court recommends that Plaintiff's Motion for Protective Order be DENIED.

**C. RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Injunctive Relief and Motion for Protective Order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the

court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 19, 2013**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE