UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>        Plaintiff,<br><br>  v.<br><br>GIPSON, et al.,<br><br>        Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 40) |

    Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

    Plaintiff returned service documents and the United States Marshall was directed to serve Defendants Gipson, Espinosa, Lambert and Cavazos on October 11, 2013.

    On September 11, 2013, Plaintiff filed a Motion for Preliminary Injunction, and on September 16, 2013, he filed a Motion for a Protective Order. The Magistrate Judge issued Findings and

1

Recommendations that these motions be denied on September 20, 2013. The Court adopted the Findings and Recommendations on November 5, 2013.

On November 18, 2013, Plaintiff filed a Motion for Reconsideration of the denial of his requests for injunctive relief.

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff presents no new facts or argument that would warrant reconsideration of the Court's prior order. He continues to argue that Defendant Gipson and her subordinate officers are placing Plaintiff's life in danger and denying him due process. His complaints appear to relate to being "labeled" without due process and having confidential information disclosed on the prison's computer screens.

As the Court explained in the Findings and Recommendations that were ultimately adopted, Plaintiff's allegations related to Defendants and/or events that were not part of this action. Therefore, a jurisdiction bar exists and the Court does not have power to issue the request sought. The Court also explained that at this juncture, Defendant Gipson has not yet made an appearance and she is not under the jurisdiction of the Court.

Plaintiff's motion does not present newly discovered evidence, demonstrate that the Court committed clear error, or set forth an intervening change in the controlling law. Rather, Plaintiff simply presents arguments that were already addressed in the prior rulings.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **November 21, 2013**          **/s/ Lawrence J. O'Neill**
                                                                     UNITED STATES DISTRICT JUDGE