UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>        Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>(Document 39)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

Plaintiff returned service documents and the United States Marshall was directed to serve Defendants Gipson, Espinosa, Lambert and Cavazos on October 11, 2013.

On November 6, 2013, Plaintiff filed a Motion for Protective Order. Plaintiff has filed two prior motions for injunctive relief. The motions were denied on August 27, 2013, and November 5, 2013.

1

A. **LEGAL STANDARD**

Plaintiff indicates in his motion that he is seeking "an order of protection from Defendant Gipson and her subordinate officers under her supervision." Mot. 1.  He argues that Defendant Gipson is aware of various constitutional violations, yet has failed to take any steps to correct them.  As relief, Plaintiff requests that he be transferred to a protective housing unit and given his legal documents.  Although Plaintiff calls his motion a request for a protective order, it is a request for injunctive relief.

A preliminary injunction is an extraordinary remedy never awarded as of right.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted).  For each form of relief sought in federal court, Plaintiff must establish standing.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In this motion, Plaintiff states that he has filed a large number of appeals to address a wide variety of alleged wrongs, from improper custody designations to false rules violation reports.  He

2

states that he has also filed numerous complaints against staff, including correctional officers, sergeants, registered nurses and psychiatric technicians. Plaintiff contends that his complaints are not filed and are instead circulated amongst staff. Plaintiff believes that this has led to serious safety concerns and acts of retaliation, and he now asks to be housed in protective custody.

This Court has previously explained to Plaintiff that it does not have jurisdiction over many staff members named in the motion, none of which are Defendants in this action. Moreover, although Plaintiff names Defendant Gipson and states that she had knowledge of the alleged violations, the Court has explained that she has not yet been served and has not made an appearance. Thus, at this juncture the Court lacks personal jurisdiction over Defendant Gipson and it cannot issue an order requiring her to take any action.

The Court has also previously addressed the larger issue with Plaintiff's requests for injunctive relief. As he has done in past motions, Plaintiff seeks relief to remedy each and every act that he perceives to be unfair and/or wrong. For example, in his most recent request, Plaintiff states that his property has been withheld and that he has been denied (1) the right to have appeals heard; (2) due process; and (3) medical treatment. He also cites an August 25, 2013, incident during which he was pepper sprayed and injured, as well as a staff complaint made in September 2013, against various officers who are not all defendants in this action.

In contrast, this action, which forms the basis of the requirements for injunctive relief, is limited to Plaintiff's gang debriefing and related safety concerns. It covers events from approximately April 2011 through August 2012.

Despite Plaintiff's belief, injunctive relief cannot be used to remedy alleged violations by individuals who are <u>not parties to this action</u>, or for incidents that are <u>not at issue in this action.</u> Plaintiff is HEREBY PLACED ON NOTICE that any further motions for injunctive relief that are baseless and filed in contravention of the applicable legal standards Plaintiff has been provided with will result in the imposition of sanctions deemed appropriate by this Court. Plaintiff's continued refusal to acknowledge the legal bases for the Court's rulings constitutes an abuse of process, and will

3

not be overlooked.  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated.")

**B.    RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Protective Order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **December 4, 2013**                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE