1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID ESTRADA,                    )   Case No.: 1:13cv00919 LJO DLB (PC)
                                        )
12              Plaintiff,             )   FINDINGS AND RECOMMENDATIONS TO
                                        )   STRIKE PLAINTIFF'S MOTION FOR
13       v.                             )   SANCTIONS
                                        )
14   GIPSON, et al.,                   )
                                        )   (Document 62)
15              Defendants.            )
                                        )   THIRTY-DAY OBJECTION DEADLINE
16   _____ )

17       Plaintiff  David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18   in this civil rights action.  Plaintiff filed his First Amended Complaint on August 7, 2013.  Pursuant to

19   the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims,

20   this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the

21   First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the

22   Eighth Amendment.

23       All Defendants have been served.  Defendant Gipson filed a motion to dismiss the claims

24   against him on January 27, 2014.  Defendants Espinosa, Lambert and Cavazos have not filed

25   responsive pleadings.

26

27

28

                                         1

On November 6, 2013, Plaintiff filed a motion for protective order.  Prior to this motion, Plaintiff filed two other motions for injunctive relief.  The motions were denied on August 27, 2013, and November 5, 2013.

On December 4, 2013, the Court issued Findings and Recommendations to deny Plaintiff's Motion.  The Court placed Plaintiff on notice that if he filed any further motions for injunctive relief that were baseless and filed in contravention of applicable legal standards, he would be subject to sanctions.

The Court adopted the Findings and Recommendations on January 15, 2014.

On January 21, 2014, Plaintiff filed a motion entitled, "Motion for Sanctions to be Imposed and the Return of Property."  Though Plaintiff titles the motion as one for sanctions, it is a motion for injunctive relief.

A.      **DISCUSSION**

1.      Plaintiff's Claims

Plaintiff states that "this complaint relates to the Plaintiff's petition for writ of mandate in state court. . .and the correctional officers named in several of his motions and his supplement to his first amended petition for writ of mandate."  Mot. 2.  He alleges that these correctional officers have violated his right to access the court by taking his sealed complaint from his property, along with several legal books.  Plaintiff believes that the correctional officers and "other prison staff" are committing these acts of retaliation on behalf of Defendants.  Plaintiff further believes that these officers have provided prisoners with the "complaint he filed in state court."  Mot. 2.  Plaintiff states that the officers also took his only copy of the original complaint filed under seal in this action.  He contends that he has not had his property since September 2013, and that others acting on behalf of Defendants denied him a telephonic court appearance on December 17, 2013.  Plaintiff also alleges that he has not been allowed to purchase items from the canteen, that the officers are falsifying mental health records, and that he has no law library access.

Plaintiff requests that a court order be issued against Defendants, and those acting on their behalf, (1) for sanctions for violating the Court's order sealing the complaints in this action; (2)

2

directing them to issue Plaintiff his property; (3) ordering them not to take Plaintiff's property; (4) ordering them to permit Plaintiff to have law library access, supplies and photocopying services ; and (5) that he be transferred, along with his property.

        2.    <u>Analysis</u>

        Federal courts have the inherent authority to sanction conduct abusive of the judicial process. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991).  However, because of their very potency, inherent powers must be exercised with restraint and discretion.  <u>Chambers</u>, 501 U.S. at 44 (quotation marks omitted).  To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith.  <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1134 (9th Cir. 2001); <u>Fink v. Gomez</u>, 239 F.3d 989, 993-94 (9th Cir. 2001).  Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, <u>Vernon</u>, 255 F.3d at 1134; <u>Fink</u>, 239 F.3d at 994, but mere negligence or recklessness will not suffice, <u>In re Lehtinen</u>, 564 F.3d 1052, 1058 (9th Cir. 2009).

        In this action, Plaintiff has been told, no less than three times, why his prior motions for injunctive relief were without merit.  The prior Findings and Recommendations explained that injunctive relief cannot be used to remedy alleged violations by individuals who are not parties to this action, or for incidents that are not at issue in this action.  Plaintiff was warned as follows:

        Plaintiff is HEREBY PLACED ON NOTICE that any further motions for injunctive relief that are baseless and filed in contravention of the applicable legal standards Plaintiff has been provided with will result in the imposition of sanctions deemed appropriate by this Court. Plaintiff's continued refusal to acknowledge the legal bases for the Court's rulings constitutes an abuse of process, and will not be overlooked.  <u>Snyder v. Internal Revenue Service</u>, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be tolerated.")

ECF No. 46.

        The instant motion has violated this directive.  He attempts to remedy numerous alleged wrongs, all of which are unrelated to the issues in this action.  He also attempts to obtain a court order

against individuals who are not parties to this action.  Though Plaintiff attempts to implicate Defendants by alleging that the officers are working on their behalf, he provides nothing but conclusory, unsupported statements.

To the extent Plaintiff alleges that officers are violating this Court's order sealing the complaints by giving them to other prisoners, this Court has no jurisdiction over individuals who are not parties to this action.  Moreover, although the documents may be sealed on the Court's docket, the sealing order, by itself, does not require special treatment of the documents outside of the Court.

The Court finds that the proper sanction in this instance is STRIKING Plaintiff's motion. Courts have the inherent power to control their docket and in the exercise of that power, they may properly strike documents. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010).

**B.     RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for Sanctions be STRICKEN.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 14, 2014**          /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE

4