# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA, | ) Case No.: 1:13cv00919 LJO DLB (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION FOR RECONSIDERATION |
| GIPSON, et al., | ) (Document 78) |
| Defendants. | ) |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

On January 27, 2014, Defendants filed a Motion to Dismiss and requested that it be filed under seal since the First Amended Complaint has been filed under seal. The Court granted the request and the motion is pending.

On January 21, 2014, Plaintiff filed a motion entitled, "Motion for Sanctions to be Imposed and the Return of Property." The Court construed the motion as a motion for injunctive relief.

1

On February 14, 2014, the Court issued Findings and Recommendations to strike the motion based on the Court's prior warning that he would be subject to sanctions if he filed additional baseless motions for injunctive relief.

On March 13, 2014, Plaintiff filed a motion to seal his objections.  The Court denied the request on March 20, 2014, finding that he did not present any compelling justification for sealing.

The Court adopted the Findings and Recommendations on March 26, 2014.

On April 7, 2014, Plaintiff filed a motion for reconsideration of the Court's order denying his request to seal his objections.

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff presents no new facts or argument that would warrant reconsideration of the Court's prior order.  He again argues that sealing is necessary to protect confidential information relative to the

safety and security of the institutional setting. He states that sealing is required to prevent disclosure of identities and information. However, as the Court found in the order denying his request to seal, the objections did not contain the type of sensitive information that would warrant sealing. Indeed, Plaintiff did not name any specific individuals in his objections.

Plaintiff's motion does not present newly discovered evidence, demonstrate that the Court committed clear error, or set forth an intervening change in the controlling law. Rather, Plaintiff simply presents arguments that were already addressed in the prior ruling.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **April 16, 2014**             **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE