# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ESTRADA,

   Plaintiff,

 vs.

GIPSON, et al.,

   Defendants.

) 1:13cv00919 LJO DLB PC
)
) FINDINGS AND RECOMMENDATIONS
) REGARDING DEFENDANTS'
) MOTION TO DISMISS
) (Document 63)
)
) THIRTY-DAY DEADLINE
)
)

  Plaintiff David Estrada ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 17, 2013.[1]

  On September 3, 2013, the Court screened Plaintiff's First Amended Complaint ("FAC") and found the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendants Gipson and Espinosa; and (2) failure to protect in violation of the Eighth Amendment against Defendants Gipson, Espinosa, Lambert and Cavazos. On November 20, 2013, the Court dismissed all other claims and Defendants.

---

[1] Although the First Amended Complaint and briefings for this motion are sealed, the Court finds no reason to seal these Findings and Recommendations.

1

On January 27, 2014, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition on February 28, 2014, and Defendants filed a reply on March 12, 2014. Plaintiff filed a sur-reply on March 28, 2014. The motion is deemed submitted pursuant to Local Rule 230(l).

## I.  ALLEGATIONS IN FAC

Plaintiff is incarcerated in Corcoran State Prison and is housed in the Segregated Housing Unit ("SHU"). Plaintiff is serving an indeterminate SHU term because he was validated as an associate of the Mexican Mafia and classified as an inactive associate.

In April 2011, Plaintiff elected to debrief. He wrote a detailed autobiography and was rehoused. Plaintiff was moved to the debriefing building on May 17, 2011.

On September 7, 2011, Plaintiff attended an Institutional Classification Committee ("ICC") hearing and Defendant Associate Warden Lambert decided to return Plaintiff to the 4B Yard and house him around his documented enemies. Plaintiff had told Defendant Lambert that he had enemies on 4B. Defendant Lambert told Plaintiff that he shouldn't worry because he would be in a single cell.

On September 15, 2011, Plaintiff was rehoused and on November 4, 2011, the Investigative Services Unit ("ISU") started an investigation on Plaintiff.

Plaintiff started receiving threats on his life and the lives of his family members. The threats were written on a "kite" and Plaintiff provided it to staff. The threats increased and Plaintiff sought out protection for him and his family. On or around January 22, 2012, Plaintiff told Defendant Sgt. Espinosa of his need for rehousing. She had handled his earlier complaint when he was threatened, and told Plaintiff that she had sent it to ISU. Plaintiff alleges that she rehoused him, disregarding his safety concerns and threats against him and his family.

On January 24, 2012, Plaintiff was moved to the 4A Yard. He re-entered the debriefing program on or around February 2012.

On August 8, 2012, Plaintiff attended ICC for a program change and was removed from the debriefing program for receiving a CDCR-115 for a weapon he gave to staff. He informed Defendant Chief Deputy Warden J. Cavazos of his safety concerns and the threats from Mexican Mafia associates on the 4B Yard. Plaintiff asked not to be returned to that yard and Defendant Cavazos understood that Plaintiff would be targeted. Plaintiff alleges that Defendant Cavazos was deliberately indifferent to Plaintiff's safety concerns by having him housed around his documented enemies.

Plaintiff alleges that Defendant Warden Gipson has been aware of Plaintiff's filing of an inmate appeal related to an employee who provided inmates with letters containing confidential information. Plaintiff alleges that Defendant Gipson handled his inmate appeal. He also alleges that he informed Defendant Gipson of his safety concerns related to prison gangs by notifying the IGI, ISU and the Office of Internal Affairs. However, Plaintiff has been met with acts of retaliation and threats from inmates.

Plaintiff contends that he has been denied his requested protection and has been housed around his documented enemies. He alleges that Defendant Gipson has been aware of the substantial risk of harm that he faces as a result of his providing information that has compromised his identity as a confidential informant. Plaintiff further states that Defendant Gipson knew that he was being retaliated against, but failed to remedy the situation.

## II.     RULE 12(B)(6)

### A.     Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must

accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

B.   Prior Screening Order

On September 3, 2013, the Court issued an order indicating that it had screened Plaintiff's FAC pursuant to 28 U.S.C. § 1915A and found that it stated numerous causes of action. The Court's conclusion was based upon the same legal standards as this 12(b)(6) motion, and the screening order may not be ignored or disregarded. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).

To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine, and as a result, Defendants are expected, reasonably so, to articulate the grounds for their 12(b)(6) motion in light of a screening order finding the complaint stated a claim. Ingle, 408 F.3d at 594; Thomas v. Hickman, No. CV F 06-0215 AWI SMS, 2008 WL 2233566, at *2-3 (E.D. Cal. May 28, 2008).

If the defendants, in a case which has been screened, believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. Ingle, 408 F.3d at 594 ("A district court abuses its discretion in

applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").

The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders.  Ingle, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); Thomas, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

Therefore, Rule 12(b)(6) motions which fail to acknowledge the prior procedural history and screening orders, and which fail to articulate the reasons for the motion in light of the prior relevant orders, implicate the law of the case doctrine, unnecessarily multiply the proceedings, and fall well below the level of practice which is expected in federal court.

With this standard in mind, the Court will now address Defendants' arguments.

C.     Analysis

Defendants move to dismiss only the claims against Defendant Gipson, contending that Plaintiff fails to allege facts establishing her personal involvement in the alleged violations. While Defendants acknowledge the existence of the prior screening order, they do not explain the basis for their motion *in light of* the screening order.  Nonetheless, though Defendants appear to simply disagree with the Court's findings, the Court will briefly review their argument.

The Court explained in the screening order that Plaintiff's allegations against Defendant Gipson are based on her alleged role in reviewing Plaintiff's appeals.  Plaintiff alleged that

Defendant Gipson knew of both the retaliation and safety issues, but failed to remedy them.  A supervisor may be held liable if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Defendants disagree with this finding, arguing that Plaintiff's exhibits do not indicate that Defendant Gipson was involved in reviewing his appeal in any way.  The Court agrees that Plaintiff's exhibits do not specifically reference Defendant Gipson, but Plaintiff's allegations are sufficient to state a claim.  He alleges that Defendant Gipson "has been aware of the Plaintiff's filing an inmate appeal. . ." and "handled the inmate appeal which the Plaintiff had requested confidentiality. . ."  FAC ¶¶ 24, 27.  He further alleges that he alerted Defendant Gipson "by notifying" the IGA, ISU and Office of Internal Affairs.  FAC ¶ 28.  Despite her knowledge, Plaintiff alleges that Defendant Gipson has failed to remedy the alleged violations.

Defendants also contend that Plaintiff's allegations are based on the conclusory allegation that Gipson reviewed the appeal "based solely on the contention that the warden is generally responsible for reviewing all staff complaints."  Mot. 4.  However, as explained above, Plaintiff specifically stated that Defendant Gipson was aware of his appeal, reviewed his appeal and failed to remedy the alleged violations.  At the pleading stage, these allegations are sufficient to state a claim against Defendant Gipson.

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' Motion to Dismiss be DENIED; and

2.    Defendants file a responsive pleading within thirty (30) days of the date of service of the order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty

(30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**May 9, 2014**__         _____/s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE