UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>         Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>         Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTIONS RELATED TO DISCOVERY<br><br>(Documents 85, 86 and 87) |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

On May 12, 2014, the Court issued Findings and Recommendations that Defendants' motion to dismiss be denied. The Findings and Recommendations are pending and have not yet been adopted. As a result, Defendants have not been required to file an answer and discovery has not opened.

Plaintiff has filed numerous discovery motions in the past several days. On June 5, 2014, Plaintiff filed a motion to compel responses to his first set of discovery requests. It appears that

1

Plaintiff served discovery on Defendants, who indicated that the motion to dismiss has not yet been ruled upon.

Defendants are correct. The May 12, 2014, Findings and Recommendations are not a final order. Rather, they are a recommendation to the District Court judge to which the parties may object. Once the objection period is over, the District Court judge will review the Findings and Recommendations and determine whether they should be adopted. Prior to a ruling by the District Court judge, the Findings and Recommendations are not final and Defendants do not have an obligation to file an answer. Plaintiff's motion to compel is therefore DENIED.

Also on June 5, 2014, Plaintiff filed a motion requesting that the Court issue a Discovery and Scheduling Order. Again, the Court will not issue such an order until Defendants have filed an answer. Once Defendants file an answer, the Court will issue an order opening discovery. Plaintiff's motion for a Scheduling and Discovery Order is therefore DENIED.

Finally, on June 9, 2014, Plaintiff filed a motion requesting that the Court order prison officials to disclose the location of certain inmate witnesses and permit Plaintiff to correspond with them through confidential mail. Plaintiff also requests that the Court order the Office of Correctional Safety to provide him with the inmates' autobiographies created during the debriefing process, "along with all information relative to Plaintiff's allegations."

As a threshold matter, the Court does not have jurisdiction over individuals who are not parties to this action. As a result, it cannot order a non-party to disclose inmate locations, provide access to certain inmates or disclose information.[1]  Insofar as Plaintiff requests assistance with communications, the Court can only request that the institution permit written communication. However, it will only do

---

[1] Upon the opening of discovery, Plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). To obtain such relief, Plaintiff must file a motion requesting the issuance of a subpoena duces tecum that identifies with specificity the documents sought and from whom. After Defendants have had an opportunity to weigh in, the Court will determine whether Plaintiff is entitled to the subpoenas he seeks. Local Rule 230(l).

so where (1) there has been a showing that the inmate at issue has relevant communication; and (2) Defendants have been permitted to respond to the request.  Those requirements have not yet been met and Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:  **June 12, 2014**                             /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE