1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID ESTRADA,                          )   Case No.: 1:13cv00919 DLB (PC)
                                             )
12             Plaintiff,                    )   ORDER DENYING PLAINTIFF'S
                                             )   REQUEST FOR ISSUANCE OF
13        v.                                 )   SUBPOENAS DUCES TECUM
                                             )
14   TASSEY, et al.,                         )   (Document 103)
                                             )
15             Defendants.                   )
                                             )
16   _____     )

17        Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18   in this civil rights action.  Plaintiff filed his First Amended Complaint on August 7, 2013.  Pursuant to

19   the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims,

20   this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the

21   First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the

22   Eighth Amendment.

23        The action is currently in discovery.

24        On September 2, 2014, Plaintiff filed a motion requesting that the Court provide him with the

25   correct forms to request the issuance of subpoenas duces tecum.  In attached documents, Plaintiff

26   submits a subpoena addressed to Solomon Pina, the Lt. of Institutional Gang Investigators at Corcoran

27

28

1

State Prison.  Plaintiff requests documents related to his gang validation, as well as autobiographies of other inmates and investigations of employees.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not demonstrated that he sought the requested information from Defendants through a request for the production of documents, and, if he has done so, he has not filed a motion to compel the production of the documents.  Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED as premature, without prejudice to renewal.

IT IS SO ORDERED.

Dated:    **September 17, 2014**          /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE

2