UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 110) |

　　　　Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

　　　　The action is currently in discovery.

　　　　On September 3, 2014, Plaintiff filed a motion requesting a Court order permitting him to locate and correspond with certain inmates. The motion is sealed.

　　　　The Court denied the motion on October 15, 2014.

1

On November 7, 2014, Plaintiff filed a motion for reconsideration of the denial.[1]  The Court deems the motion suitable for decision without an opposition.  Local Rule 230(l).

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff presents no new facts or argument that would warrant reconsideration of the Court's prior order.  He simply continues to argue that he needs a Court order to correspond with certain inmates who have information relevant to his complaint.

The Magistrate Judge correctly explained that this Court does not have authority to order prison officials to take any action, including ordering them to allow Plaintiff to locate and communicate with other inmates.  This is especially true in situations where communication may

---

[1] Plaintiff's request to file the motion under seal, made within his filing, is denied.  Unlike Plaintiff's initial motion requesting that the Court permit communication with other inmates, this motion does not name specific inmates.

impact institutional safety and security, including permitting communication between inmates who are current or former gang members. Plaintiff assures the Court that the inmates at issue have disassociated themselves from gang activities, but this is not a determination for this Court to make.

The Magistrate Judge also explained that Plaintiff may utilize the discovery procedures allowed under the Federal Rules of Civil Procedure in attempting to obtain the information he seeks.

Accordingly, Plaintiff's motion does not present newly discovered evidence, demonstrate that the Court committed clear error, or set forth an intervening change in the controlling law. Rather, Plaintiff simply presents arguments that were already addressed in the prior ruling.

Plaintiff's Motion for Reconsideration is therefore DENIED.
IT IS SO ORDERED.

Dated:   **November 12, 2014**         **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE