UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>    Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 125) |

    Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

    The action is currently in discovery.

    On November 6, 2014, Plaintiff filed an ex parte motion to modify the Discovery and Scheduling Order. He requested an extension of the deadline to file an amended complaint (November 14, 2014) and an extension of the discovery deadline (December 14, 2014). The Court

denied the motion on November 14, 2014, finding that Plaintiff failed to explain why he could not meet the established deadlines.

On December 1, 2014, Plaintiff filed a motion for reconsideration of the denial. The Court deems the motion suitable for decision without an opposition. Local Rule 230(l).

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff uses his motion for reconsideration to present facts that should have been presented in his motion for modification of the discovery order. He explains that he allowed Defendants additional time to respond to discovery, and he did not receive the responses until November 4, 2014. Plaintiff also points to his numerous motions to compel and motions for sanctions now pending before the Court. However, as noted above, reconsideration may not be used to raise arguments where they could reasonably have been raised in the original motion.

In any event, the fact that Plaintiff may not have received discovery until November 4, 2014, over one month prior to the discovery deadline, does not warrant an extension.  Moreover, any additional discovery granted from the pending motions to compel will be permitted even if the December 14, 2014, discovery deadline has passed.

To the extent Plaintiff seeks to amend his complaint, his desire to find the names of Defendants "who may be named," without more, does not warrant an extension.  Plaintiff cannot extend discovery solely in hopes of finding additional, undefined claims or defendants.

Plaintiff has presented no facts to warrant reconsideration of the Court's prior order and his motion is therefore DENIED.

The Court notes that this is Plaintiff's third motion for reconsideration filed in recent months, and his fourth filed since December 2013.  Plaintiff has also filed numerous baseless motions that, while without merit, require Court resources to address.  In fact, Plaintiff has been warned that filing additional motions for injunctive relief may result in the imposition of sanctions.

While the Court is always available for good faith litigation, there comes a point where it begins to question a litigant's motives and may impose sanctions.  Plaintiff is therefore forewarned that continued abuse of the litigation process may result in the impositions of sanctions.

IT IS SO ORDERED.

Dated:  **December 6, 2014**         **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE