UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13cv00919 DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO SEAL DOCUMENTS WITHOUT PREJUDICE<br><br>(Document 126 and 127) |

　　　　Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

　　　　The action is currently in discovery.

　　　　On December 2, 2014, Plaintiff filed a request to seal a motion to compel and the attached exhibits. Plaintiff filed a request to seal other exhibits on December 4, 2014.

　　　　Plaintiff has moved to seal a majority of his filings in this action. However, other than stating that the First Amended Complaint is filed under seal, Plaintiff sets forth no explanation as to why his

1

filings should be sealed.  Rather, he leaves the Court to read through his documents and guess what information would require sealing.

This is not the first time Plaintiff has failed to specify why a document should be sealed. However, it has become apparent to the Court that Plaintiff believes almost all of his documents warrant sealing.[1]  The increased number of requests, when combined with his failure to include any explanation, burdens the Court's scarce resources.

Accordingly, for all motions to seal, including the instant motions, Plaintiff must set forth why he believes that the specific document warrants sealing.  Filings in cases such as this are a matter of public record absent *compelling justification,* and Plaintiff must do more than simply state that his filing should be sealed.  United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008).  Of course, Plaintiff need not include information that he believes should not be disclosed, but he must provide additional information to the Court.

Plaintiff's requests to seal are therefore DENIED WITHOUT PREJUDICE.  Pursuant to Local Rule 141(e)(1), the Clerk shall return the documents to Plaintiff.

IT IS SO ORDERED.

Dated:   **December 9, 2014**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has filed approximately thirteen requests to seal.

2