UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GIPSON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 118) |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

Discovery closed on December 15, 2014.

On November 17, 2014, Plaintiff filed a motion to compel (1) Defendants to provide further responses to his Request for Production of Documents, Set One; and (2) several third-parties to respond to discovery. He also requests the imposition of sanctions. The motion is sealed.[1]

---

[1] Although the motion is sealed, the Court finds no reason to seal the instant order.

1

Defendants did not file an opposition and the Court deems the matter suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

**A.     Discovery Propounded on Defendants**

1.     Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

2.     Analysis

Request For Production Number 1

*Request*:  All Maria Espinosa's (Correctional Sergeant) staff complaint inmate appeals written on her, Log Nos., staff involved in investigating, including findings.

*Response:*  Objection.  This request is irrelevant and overly broad because it seeks complaints and appeals unrelated to the claims at issue in this case.  Defendants will produce any staff complaint

2

inmate appeals filed against Espinosa for failure-to-protect claims such as the one in this case if Plaintiff agrees to limit this request

*Ruling:* Plaintiff does not specifically explain why this response is insufficient, nor does he explain why he needs such wide-ranging information about Defendant Espinosa. The claims against Defendant Espinosa are limited to failure to protect and retaliation, and therefore only inmate appeals related to these issues are relevant to this action. Indeed, Defendants have agreed to provide relevant documents if Plaintiff agrees to limit his request.

Therefore, Defendants' objections are sustained. However, the Court will GRANT Plaintiff's motion IN PART. Defendants agreed to provide failure to protect appeals, but they also must provide retaliation appeals. Defendants must supplement their response by providing appeals against Defendant Espinosa for failure to protect and retaliation, if any, for the three years prior to the 2012 incident.

### Request For Production Number 2

*Request*: All information, reports, documents, and statements Maria Espinosa made, collected, authored, and discovered, while at CSP-Corcoran pertaining to Licensed Vocational Nurse Delorise P. Tassey and the investigation of this person.

*Response:* Objection. This request seeks the private and confidential employment records of a non-party. This office does not represent Tassey, and she has not been served in this case. Thus, Defendants do not have possession, custody, or control over any employment records for Tassey. Plaintiff should issue a proper subpoena for any documents. Further, any internal investigations regarding an employee are private and confidential.

*Ruling:* Ms. Tassey was named as a Defendant in Plaintiff's original complaint, though she was not included as a Defendant in his First Amended Complaint. However, Plaintiff's First Amended Complaint includes allegations against her, including allegations that she accessed his confidential mental health records and gave his address to other inmates. Plaintiff believes that Ms. Tassey created safety issues for Plaintiff, and that other staff members used this information against

him. He alleges that he told Defendant Espinosa about these safety concerns and the threats against him and his family, but Defendant Espinosa retaliated against him instead of protecting him.

Plaintiff is seeking information on Ms. Tassey because he believes that all information relating to her is relevant "due to the actions of Delorise P. Tassey leading to the Plaintiff's constitutional rights being violated and these allegations in this complaint each involve her." ECF No. 118, at 7. He seeks information such as "scheduling, acts of misconduct, records of hours, leaves, vacations, complaints from staff and fellow co-workers. . ." ECF No. 118, at 7.

The information in personnel files is not subject to absolute protection. Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995). In this case, Ms. Tassey's actions, and Plaintiff's complaints regarding her actions, are relevant to his claims against Defendants. However, only information regarding Plaintiff's claims against Ms. Tassey that are directly related to this action would be relevant. Plaintiff is not entitled to her entire personnel file. Information such as hours, scheduling, leaves and vacations are wholly irrelevant.

To the extent that Defendants claim that they are not in possession, custody or control of her personnel file, the Court notes that most, if not all, Defendants are in supervisory positions and would have access to Ms. Tassey's personnel file.[2]

Accordingly, Plaintiff's motion to compel a further response is GRANTED IN PART.

Request for Production Number 3

*Request:* All information Maria Espinosa collected, documented, regarding: (a) David A. Estrada #T42165 his safety concerns with validated Mexican Mafia members and associates who were housed on the 4B Yard; (b) Validated Mexican Mafia members and associates threatening to cause harm to Plaintiff David A. Estrada, family.

*Response:* Objection. Any documents related to safety concerns other inmates had with Plaintiff are private and confidential. To the extent that Plaintiff seeks documents related only to his own expressed safety concerns with others, then those documents would be contained in Plaintiff's

---

[2] Defendants objected generally to Plaintiff's requests because they were not directed to any one Defendant. Considering Plaintiff's pro se status, the Court will not invalidate the discovery for this reason.

central file, which is located at his current prison and available to him. Without waiving these objections, Defendants hereby produce documents identified as Bates Label Estrada 00001-00370.

*Ruling:* Plaintiff does not specifically explain why Defendants' production is insufficient. He seems to generally suggest that some staff members knew that he was being housed around his enemies, and that staff could have acted sooner. Again, however, what *other* staff members may have known is not relevant. This action proceeds against four Defendants, and the knowledge of these four Defendants is at issue.

Furthermore, the Court agrees that, to the extent Plaintiff seeks information about the safety concerns of *other* inmates, such information is likely protected from disclosure for safety and security reasons.

Accordingly, Defendants have provided Plaintiff with all relevant information and his motion to compel a further response is DENIED.

### Request for Production Number 4

*Request:* All information, statement, reports, chronos, collected by Maria Espinosa, from staff members (correctional officers, sergeants, lieutenants, captains, and health care personnel, LVNs, RNs, LPTs) pertaining to Plaintiff David A. Estrada.

*Response:* Objection. This request is irrelevant, overly broad, unduly burdensome, and seeks information equally available to Plaintiff. Plaintiff requests basically any document about him without limit to the issue. Further, most documents about Plaintiff are contained in his prison central file, which is accessible to him upon request at his prison. Defendants would consider responding to a modified request that identified limited or specific documents. Without waiving these objections, Defendants hereby produce documents identified by Bates Label Estrada 00001-00370.

*Ruling:* The Court upholds Defendants' objections based on relevancy and scope, as the request is not limited in either issue or time. In response, Defendants have produced documents,

5

presumably his central file, and have indicated they would consider a further response if Plaintiff narrowed his request to identify limited or specific documents.[3]

Plaintiff's motion to compel a further response is DENIED.

### Request for Production Number 5

*Request:*  Please (Maria Espinosa) produce all documents that contain, construe, or refer to policies on how debriefing reports, autobiographies, are handled, and what your duties are to ensure the identifies of the inmates producing/authoring the autobiography is not compromised, while you were an Office of Correctional Safety (OCS) gang task force investigator for the debriefing process in 2011.

*Response:*  Objection.  These policies are contained within title 15 of the California Code of Regulations and the CDCR Operations manual, both of which are public records equally available to Plaintiff.  Without waiving these objections, Defendants hereby identify and produce title 15 section 3378 and the DOM section 52070.19-52070.33.

*Ruling:*  Defendants have produced responsive documents, and Plaintiff does not explain why he believes that this production is insufficient.

To the extent that Plaintiff suggests that Defendants are withholding documents, he has not provided any basis to question the response.  "Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request."  Scott v. Palmer, 2014 WL 6685810, * 3 (E.D.Cal. 2014); Fed.R.Civ.P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D.Cal. 2013); L.H. v. Schwarzenegger, 2007 WL 2781132, at *2 (E.D.Cal. 2007).

Plaintiff's motion to compel a further response is DENIED.

---

[3] While the Court will often formulate an appropriate request, it is not clear what documents Plaintiff seeks.

Request for Production Number 9

*Request:*  Please produce all emails, sent or received, from Maria Espinosa and Correctional Sergeant E. Medina of the Office of Correctional Safety (OSC) (Fresno) gang task force which pertain to the Plaintiff, his autobiography, debriefing, his interviews, his safety concerns, or any of his allegations.

*Response:*  Objection.  This request seeks information and/or documents from a non-party.  Maria Espinosa does not possess any responsive documents.  Further, Espinosa is not employed with the Office of Correctional Safety, and the Office of Correctional Safety and E. Medina are not parties to this lawsuit.  Thus, Defendants do not have possession, custody, or control over any responsive documents.  Plaintiff should issue a proper subpoena for any documents.

*Ruling:*  Defendant has responded that she does not have responsive documents in her possession, custody or control.  However, the request is not limited to documents possessed by E. Medina.  It would seem that Defendant Espinosa would have records of emails between herself and E. Medina, if any exist.  As the Court cannot determine from the response whether she possesses any responsive documents, Plaintiff's motion is GRANTED IN PART.  Defendants shall provide a supplemental response in accordance to the following standards:

If no responsive documents exist, Defendants shall so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence.  Uribe v. McKesson, No. 08cv1285 DMS (NLS),2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010).  If responsive documents do exist but Defendants claim lack of possession, control, or custody, they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010).

Request for Production Number 10

*Request:*  Please produce all emails, electronically stored information, or any statements collected that Connie Gipson has regarding the investigation of Delorise P. Tassey, the Plaintiff, and also any exchange with any agents, subordinates, from CEO of Health Care Teresa Macias also.

*Response:*  Objection.  This request seeks the private and confidential employment records of a non-party.  This office does not represent Tassey, and she has not been served in this case.  Thus, Defendants do not have possession, custody or control over any employment records for Tassey.  Plaintiff should issue a proper subpoena.

*Ruling:*  As explained above in the analysis for Request Number 2, information regarding Plaintiff's claims against Ms. Tassey that are directly related to this action are be relevant and should be produced.  Plaintiff does not explain, however, how information related to Teresa Macias is relevant to any of his claims.

Therefore, Plaintiff's motion to compel a further response is GRANTED IN PART.

Request for Production Number 11

*Request:*  Please produce all documents, including email exchanges regarding your investigation of the Plaintiff being retaliated on, his missing inmate appeals submitted while in the Acute Care Hospital (ACH), his being threatened, for debriefing and his filing inmate appeal COR SC 12001313 on LVN Delorise P. Tassey.

*Response:*  Objection.  Plaintiff's appeal and investigation of those appeals are included as part of his central file which is located at his current prison.  Plaintiff has access to his file.  Without waiving these objections, Defendants hereby produce documents identified as Bates Label Estrada 00001-00370.

*Ruling:*  Defendants have produced Plaintiff's central file, and have indicated that his appeal and the investigation of his appeal would be included therein.  Plaintiff does not explain why he believes that this response is insufficient.  Again, to the extent that Plaintiff simply does not believe the response, this is not a sufficient basis to challenge it.

Plaintiff's motion to compel a further response is DENIED.

Request for Production Number 15

*Request:*  Please produce all documents, exchanged between yourself and investigators from IGA, ISU, OCS, regarding the Plaintiff, Defendant R.S. Lambert, from 2010 to the present.

*Response:* Objection. This request is vague and ambiguous. It isn't clear from which person Plaintiff seeks documents, or exactly who exchanged documents. Defendants are unable to provide a meaningful response to this request in its present form.

*Ruling:* Defendants' objections are sustained. Plaintiff's request is unclear and vague because it does not indicate to which Defendant it is directed and does not describe the documents with any specificity. As Plaintiff does not provide any further explanation in his motion to compel, the Court will not guess as to Plaintiff's intent.

Accordingly, Plaintiff's motion to compel a further response is DENIED.

Request for Production Number 16

*Request:* Please produce all emails, documents, between yourself (R.S. Lambert) and IGI pertaining to Plaintiff's safety concerns, debriefing, and any investigation which involved the Plaintiff.

*Response:* Objection. This request is irrelevant and overly broad to the extent it seeks documents related to "any investigation which involved Plaintiff" because it is not limited to the claims and actions at issue in this lawsuit. Defendants would consider responding to a modified request that is limited to any pre-lawsuit investigation of Plaintiff's safety concerns and debriefing related to the specific causes of action and claims in this lawsuit.

*Ruling:* Plaintiff's request, as worded, is overbroad and requests documents that are not relevant to this action. However, as Defendants indicated that they would consider responding to a modified request, the Court will GRANT Plaintiff's motion to compel a further response. Defendants shall provide a response to the modified request, as described in their response.

Request for Production Number 18

*Request:* Please produce all documents that you, Javier Cavazos, have reviewed, authorized, signed, referred for investigation which pertains to Delorise P. Tassey and Plaintiff.

*Response:* Objection. This request seeks the private and confidential employment records of a non-party. This office does not represent Tassey, and she has not been served in this case. Thus, Defendants do not have possession, custody or control over any employment records for Tassey. Plaintiff should issue a proper subpoena.

9

*Ruling:* Again, information regarding Plaintiff's claims against Ms. Tassey that are directly related to this action are relevant and should be produced. Plaintiff's motion to compel is therefore GRANTED IN PART.

<u>Request for Production Number 23</u>

*Request:* Please produce the Plaintiff with questions Jason Musselman provided to Plaintiff to answer in his autobiography in May 2011.

*Response:* Objection. This request seeks private and confidential information that would be contained within a confidential debriefing file. Dissemination of the file could threaten safety and security.

*Ruling:* Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.[4] <u>See</u> Fed. R. Civ. P. 26(c); <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); <u>Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); <u>see</u> <u>also</u> <u>Garcia v. Clark</u>, 2012 WL 1232315, at *6 n.5 (E.D. Cal. 2012) (noting inmates entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); <u>Robinson v. Adams</u>, 2012 WL 912746, at *2-3 (E.D. Cal. 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, 2012 WL 761355, at *1-2 (E.D. Cal. 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, 2011 WL 6703958, at *5-6 (E.D. Cal. 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

---

[4] In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. <u>Kerr v. U.S. District Court for the Northern District of California</u>, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

Defendants have not provided the Court with any specific information to permit a balancing of interests.  The Court cannot simply accept Defendants' belief that the relevant documents are confidential and should not be produced.

Accordingly, Plaintiff's motion is GRANTED IN PART.  Defendants must supplement their response with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.

### Request for Production Number 24

*Request:*  Please produce all documents, emails, photographs used by Lt. S. Pina of IGI in the process of Plaintiff inactive review for gang validation in 2011-2012, for his Department Review Board hearing in which Lt. S. Pina of IGI reviewed and authorized for OCS-Sacramento, including all electronically stored information.

*Response:*  Objection.  This request seeks private and confidential information that would be contained within a confidential debriefing file.  Dissemination of the file could threaten safety and security.

*Ruling:*  Again, the Court cannot determine whether the objection should be sustained.  Plaintiff's motion is GRANTED IN PART, and Defendants must supplement their response with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.

### Request for Production Number 25

*Request:*  Connie Gipson, please produce all documents, complaints, correspondence sent, received filed, including all statements, reports, memorandums or emails from Plaintiff's family members (specifically his mother, Betty Estrada, his aunt Theresa Silva, his sister Diana C. Estrada.)

*Response:*  Defendant Gipson does not have possession, custody or control over any responsive documents.

*Ruling:*  Plaintiff argues that the Warden's Office accepted calls and complaints from Plaintiff's family regarding staff misconduct and threats against Plaintiff.  He believes that the information is necessary to prove supervisory liability.

11

Although Defendant Gipson state that she does not have possession, custody or control over responsive documents, the response is insufficient.  If no responsive documents exist, Defendants shall so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence.  Uribe v. McKesson, No. 08cv1285 DMS (NLS),2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010).  If responsive documents do exist but Defendants claim lack of possession, control, or custody, they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010).

Accordingly, Plaintiff's motion is GRANTED IN PART and Defendants shall provide a supplemental response in accordance with the above standards.

### Request for Production Number 26

*Request:*  Connie Gipson, provide all documents, statements, reasons for the investigation/interview with Plaintiff and Los Angeles Sheriff's Dept. Major Crimes Bureau.

*Response:*  Defendant Gipson does not have possession, custody or control over any responsive documents.

*Ruling:*  Although Defendant Gipson state that she does not have possession, custody or control over responsive documents, the response is insufficient.  If no responsive documents exist, Defendants shall so state with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence.  Uribe v. McKesson, No. 08cv1285 DMS (NLS),2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010).  If responsive documents do exist but Defendants claim lack of possession, control, or custody, they must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010).

Accordingly, Plaintiff's motion is GRANTED IN PART and Defendants shall provide a supplemental response in accordance with the above standards.

**B.     Discovery Propounded on Third-Parties**

Finally, Plaintiff moves to compel several non-parties to respond to discovery requests.  He attaches a document entitled, "Subpoena to Produce Documents, Information, or Objects," which cites Federal Rules of Civil Procedure 26 and 34, and appears to be directed to Delorise Tassey.  Plaintiff served the document on Defendants' counsel on September 24, 2014.[5]

Plaintiff also attaches a request for production of documents addressed to the "Office of Internal Affairs (Fresno, Sacramento, Bakersfield, Los Angeles and Rancho Cucamonga Divisions)," which also cites Federal Rules of Civil Procedure 26 and 34.  The request is dated October 23, 2014, though there is no proof of service.

The final attached document is a request for production of documents, pursuant to Rule 34, addressed to Delorise Tassey, Lt. Hopkins, Teresa Macias and Brad Vickjord.  The request is dated September 24, 2014, and was served on Defendants' counsel.

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party" requests for production of documents.  Therefore, requests for production of documents, as well as other forms of discovery, are limited to the parties in an action.  Ms. Tassey, the Office of Internal Affairs, Ms. Macias, Lt. Hopkins and Mr. Vickjord *are not parties to this action* and Plaintiff cannot serve them with discovery under Rule 34.  The Court therefore cannot compel them to provide responses.

Insofar as Plaintiff titled the first request to Ms. Tassey as a "subpoena," the subpoena was not properly served.  Fed. R. Civ. P. 45.  Plaintiff simply mailed the document to Defendants' counsel, and he states that he does not have Ms. Tassey's address.  Subpoenas duces tecum, however, require personal service, and even if Plaintiff had her address, she is under no legal obligation to respond to a subpoena received in the mail.  Fed. R. Civ. P. 45(b)(1); Prescott v. Cnty. of Stanislaus, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) ("[T]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.") (internal quotation marks and citation

---

[5] Plaintiff also served Ms. Tassey with a second discovery request in October 2014.  This was addressed by separate order.

omitted); accord Alexander v. California Dep't of Corr. & Rehab., 2:08-cv-2773 MCE KJN P, 2011 WL 1047647, at *6-7 (E. D. Cal. Mar. 18, 2011).

The Court is required to ensure that the party serving the subpoena takes reasonable steps to avoiding imposing an undue burden or expense on the third party subject to the subpoena, and it cannot do so when an incarcerated pro se litigant serves a document outside of the Court's standard procedure for issuance of subpoenas duces tecum.[6]  Fed. R. Civ. P. 45(d)(1).

Accordingly, Plaintiff's motion to compel non-parties to respond to his discovery requests is DENIED.

**ORDER**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.  Defendants must provide supplemental responses to the requests identified above within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 25, 2014**              /s/ *Dennis L. Beck*
                                           UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has provided Plaintiff with the procedures for requesting a subpoena duces tecum in prior orders.