UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>TASSEY, et al.,<br><br>    Defendants. | Case No.: 1:13cv00919 DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>(Document 147) |

    Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

    Discovery closed on December 15, 2014.

    On January 16, 2015, Plaintiff filed a motion requesting the issuance of subpoenas duces tecum. In attached documents, Plaintiff submits a subpoena addressed to Institutional Gang Investigator Lt. Soloman Pina. The subpoena seeks documents related to Plaintiff's gang review and investigations.

1

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

Plaintiff's subpoena must be denied because it is untimely. Discovery in this action closed on December 15, 2014.

Even if timely, however, the request is insufficient. Plaintiff has not demonstrated that he sought the requested information from Defendants through a request for the production of documents, and, if he has done so, he has not filed a motion to compel the production of the documents. While the Court recognizes that Plaintiff has served voluminous discovery and moved to compel further responses, the Court will not sift thought Plaintiff's discovery to determine whether this information was requested at some point. The Court has provided Plaintiff with the standard for requesting a subpoena on at least two prior occasions.

Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED.

IT IS SO ORDERED.

   Dated:   **January 21, 2015**         /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28