UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>           Plaintiff,<br><br>      v.<br><br>GIPSON, et al.,<br><br>           Defendants. | Case No.: 1:13cv00919 LJO DLB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 135) |

Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

Discovery closed on December 15, 2014.

On December 24, 2014, Plaintiff filed a motion to compel Defendant Espinosa to provide further responses to Interrogatory Numbers 1, 2, 8, 16 and 20. Defendants did not file an opposition and the Court deems the matter suitable for decision pursuant to Local Rule 230(l).

1

# DISCUSSION

## A. Legal Standard

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## B. Analysis

Interrogatory Number 1

Please state the names, titles and positions, including the corresponding dates of all staff members you relayed, notified, emailed, texted, phoned or shared information with regarding all information Plaintiff shared with you regarding LVN Delorise Tassey and please provide these documents.

*Response:* Objection. This interrogatory improperly requests the production of documents. Without waiving this objection, Defendant responds as follows: The Investigative Services Unit. I

did not conduct the confidential investigation.  The investigation was done by the Investigative Services Unit.

*Ruling:*

Defendant is correct that Plaintiff is not entitled to documents in response to an interrogatory.

As to the substantive response, Plaintiff does not explain why he believes that the answer is insufficient.  Nonetheless, while Defendant stated that she gave the information to the Investigative Services Unit, she does not specify any names of individuals within the Investigative Services Unit to whom she has given information.

Accordingly, Plaintiff's motion is GRANTED.  Defendant is ordered to provide a supplemental response identifying the individuals to whom she gave information, and the dates on which she gave the information.

Interrogatory Number 2

State the names, titles, and positions of all staff members working on January 22, 2012, and provide the names of the staff members who collected the Plaintiff's property and exactly where it was placed and reasons for it being taken from Plaintiff.

*Response:*  I do not know the names of all staff members who worked on that day.  There are too many prison employees in many different departments for me to list.  I do not know who collected Plaintiff's property and the circumstances surrounding the property collection.  But I believe that Plaintiff was placed on Management Cell status by Captain Castro, and that could be related to the property issue.  That information would be contained in Plaintiff's Central File, which I do not have because it would be at Plaintiff's current prison.  Plaintiff can check his property receipts or CDCR 114A forms for this information.

*Ruling:*

Plaintiff argues that Defendants' response is evasive.  He states that he seeks the names of employees under Defendant Espinosa's supervision to establish a pattern of retaliation and deliberate indifference, and to establish the failure to properly review and investigate his property appeals.

As written, Plaintiff's interrogatory is overbroad and requests irrelevant information. In his motion, Plaintiff narrows down the information sought to employees under Defendant Espinosa's supervision on January 22, 2012. The Court will GRANT Plaintiff's motion IN PART and require a further response to this narrowed interrogatory.

Defendant's remaining response is sufficient, as she states that she does not know who collected Plaintiff's property or the circumstances surrounding the confiscation. Defendant Espinosa identified the person she believes may be responsible for Plaintiff's property confiscation. That Plaintiff may not have the information cited by Defendant Espinosa does not render this portion of the response insufficient.

Interrogatory Number 8:

State your knowledge, and all documents you collected, produced, wrote, regarding the investigation of LVN Delorise Tassey, including all staff members involved in this investigation, provide names, titles, positions, with corresponding dates produce all relevant documents also.

*Response:* I know that there was an investigation done regarding LVN Tassey. But I did not conduct the confidential investigation. The investigation was done by the Investigative Services Unit. Any documents were collected and retained by the Investigative Services Unit.

*Ruling:*

As with Interrogatory Number 1, Defendant fails to provide the specific requested information.

Accordingly, Plaintiff's motion is GRANTED. Defendant is ordered to provide a supplemental response providing the additional requested information. Defendant does not need to produce documents in response to an interrogatory.

Interrogatory Number 16:

State and describe all the information provided to you from C/O C. Patino, C/O Razo, C/O R.M. Rodriguez, C/O Encinas, C/O Jason Musselman, C/O Mayo (IGI), C/O's working the 4B/4A SHU, or any staff at CSP Corcoran or CSATF at Corcoran, Office of Correctional Safety, regarding any information which was about or pertaining to the Plaintiff receiving threats his family would be harmed, please provide all information collected, received, verbally or in writing and any instructions

4

received, including any information from Facility 4B Captain J. Castro or Lieutenant G. Hopkins which relates to any threats directed towards Plaintiff, David E. Estrada T42165 family, provide corresponding dates, also.

*Response:* I know that there was an investigation done. But I did not conduct the confidential investigation. The investigation was done by the Investigative Services Unit. Any documents were collected and retained by the Investigative Services Unit.

*Ruling:*

Again, Defendant has only provided a general response and has failed to provide the specific requested information, and Plaintiff's motion is GRANTED. Defendant is ordered to provide a supplemental response providing the additional requested information. Defendant does not need to produce documents in response to an interrogatory.

Interrogatory Number 20:

Please state if you have ever been accused of misconduct, in any form, if so describe these misconduct allegations and please produce documents, reports and findings, and the names of those involved, investigating along with any inmate appeals written, staff complaints or documents reprimanding you.

*Response:* Objection. This request is irrelevant and seeks private and confidential information. The interrogatory also improperly seeks the production of documents. Without waiving these objections, Defendant responds as follows: I do not have any adverse actions or disciplinary actions against me. I do not know how many staff complaints have been filed against me by inmates, but none have resulted in adverse action.

*Ruling:*

While Defendant states that no adverse or disciplinary actions have been taken against her, the response is not complete. The interrogatory also asks whether Defendant has been accused of misconduct in inmate appeals, staff complaints or other documents, though Plaintiff would not be entitled to each and every complaint against Defendant Espinosa. The claims against Defendant

Espinosa are limited to failure to protect and retaliation, and therefore only inmate appeals, etc., related to these issues are relevant to this action.

The Court therefore GRANTS Plaintiff's motion IN PART.  Defendant must provide a supplemental response addressing complaints for failure to protect and retaliation, if any, for the three years prior to the 2012 incident.

## **ORDER**

Based on the above, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Defendant Espinosa must provide supplemental responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 21, 2015**              /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE