UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TASSEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13cv00919 DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INDEPENDENT EXPERT<br><br>(Document 160) |

　　　Plaintiff David Estrada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his First Amended Complaint on August 7, 2013. Pursuant to the Court's screening order and Plaintiff's notice of willingness to proceed on the cognizable claims, this action is proceeding against (1) Defendants Gipson and Espinosa for retaliation in violation of the First Amendment; and (2) Defendants Gipson, Espinosa, Lambert and Cavazos for violation of the Eighth Amendment.

　　　Pursuant to the July 17, 2014, Discovery and Scheduling Order, discovery closed on December 15, 2014.

　　　On February 5, 2015, Plaintiff filed a motion for the appointment of an independent expert pursuant to Federal Rule of Evidence 706(a). Defendants did not oppose the motion and it is suitable for decision pursuant to Local Rule 230(l).

1

**DISCUSSION**

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed.R.Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the district court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed.R.Evid. 706(a); Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. See Gamez v. Gonzalez, 2010 WL 2228427, at *1 (E.D. Cal. 2010) (citation omitted).

Plaintiff seeks the appointment of an expert "in the areas covering gangs, prison gang membership and an independent expert who is certified as a psychologist to evaluate Plaintiff." ECF No. 160, at 1. Plaintiff wants the expert to testify to the psychological effects of long term SHU housing, harsh conditions of confinement, mistreatment by staff, exposure to threats and safety concerns. However, an expert testifying to these things would be an advocate for Plaintiff, and such an appointment is not permitted under Rule 706.

As to the gang membership issues, Plaintiff appears to be seeking to use expert testimony to counter Defendants' contentions. Again, however, an expert under Rule 706 is not for the benefit of a particular litigant.

Accordingly, Plaintiff's motion must be DENIED.

IT IS SO ORDERED.

Dated: **March 11, 2015**          /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE